UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE PIERCE,

       Plaintiff,                             Hon. Janet T. Neff

v.                                           Case No. 1:19-cv-432

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 47 years of age on the date he filed his application. (ECF No. 6-5, PageID.243). He successfully completed high school and worked previously as an industrial truck driver and a heavy truck driver. (ECF No. 6-2, PageID.49-50). Plaintiff applied for benefits on June 10, 2016, alleging that he was disabled due to seizures, migraines, bi-polar disorder, depression, anxiety, hypertension, nerve damage in his feet, knee paralysis, panic attacks, memory loss, and nervous disorder. (ECF No. 6-5, 6-6, PageID.243-48, 262).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 6-3, 6-4, PageID.91-241) Following an administrative hearing, ALJ David Kurtz, in an opinion dated May 24, 2018, determined that Plaintiff did not qualify for disability benefits. (ECF No. 6-2, PageID.39-51, 60-89). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.30-34). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, - - - Fed. Appx. - - -, 2020 WL 97414 at *2 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) obesity; (2) major motor seizures; (3) status post-surgical left knee; (4) osteoarthritis of the left knee; (5) disorders of the muscle, ligament, and fascia; (6) other disorders of the GI system; (7) essential hypertension; (8) hypothyroidism; (9) migraines; (10) affective disorder; and (11) anxiety, severe impairments that considered alone or in combination with other impairments failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*, PageID.41-43). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform a limited range of light work. (*Id.*, PageID.43).

The ALJ found that Plaintiff was unable to perform his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 2020 WL 97414 at *2. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there existed approximately 275,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (*Id.*, PageID.85-87). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.    The ALJ's RFC Assessment violates Res Judicata Principles

Prior to initiating the present claims for disability benefits, Plaintiff pursued an earlier application that was denied by ALJ James Prothro on December 12, 2014. (ECF No. 6-3, PageID.94-107). Plaintiff argues that he is entitled to relief on the ground that ALJ Kurtz, in assessing Plaintiff's RFC, failed to properly consider ALJ Prothro's earlier RFC findings. To place Plaintiff's argument in the proper context and to illustrate the error in ALJ Kurtz's analysis, a brief history of how the Sixth Circuit has applied the concept of res judicata in Social Security cases is necessary.

The issue of whether or when a subsequent ALJ must follow findings made by a prior ALJ was addressed by the Sixth Circuit in *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990) and *Drummond v. Commissioner of Social Security* 126 F.3d 837 (6th Cir. 1997), as well as by the Social Security Administration in Acquiescence Rulings 98-3(6) and 98-4(6). The Sixth Circuit recently revisited this line of authority in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018).

    A.    *Dennard v. Secretary of Health and Human Services*

Donald Dennard filed an application for benefits that was eventually denied on the ground that, while he could no longer perform his past relevant work, he retained the ability to perform sedentary work that existed in significant numbers. *Dennard*, 907 F.2d at 598-99. Dennard later submitted another application for benefits. This latter application was denied by an ALJ on the ground that Dennard *could* perform his past relevant work. *Id.* at 599. An appeal of this decision to federal district court was unsuccessful. The Sixth Circuit reversed the district court and ordered that the matter be remanded for further consideration. *Id.* at 600. Specifically, the court held that the latter ALJ was estopped, on res judicata grounds, from contradicting the prior determination that Plaintiff was unable to perform his past relevant work. *Id.*

    B.    *Drummond v. Commissioner of Social Security*

Grace Drummond filed an application for benefits that was denied based on a finding that, while she could no longer perform her past relevant work, she could

perform sedentary work that existed in significant numbers. *Drummond*, 126 F.3d at 838. Drummond later filed another application for benefits, which was denied based on the finding that she retained the ability to perform medium work. *Id.* at 838-39. After unsuccessfully appealing the matter in federal district court, Drummond pursued the matter in the Sixth Circuit. *Id.* at 839-40. Based, in part, on the *Dennard* decision, the *Drummond* court held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 840-42. Thus, if an earlier ALJ makes a finding regarding a claimant's RFC, a later ALJ is bound by that RFC determination absent evidence to the contrary. *See, e.g., Gay v. Commissioner of Social Security*, 520 Fed. Appx. 354, 356 (6th Cir., Apr. 2, 2013).

C. Acquiescence Rulings 98-3(6) and 98-4(6)

Finding that *Dennard* and *Drummond* conflicted with Social Security policy, the Social Security Administration issued Acquiescence Rulings 98-3(6) and 98-4(6). *See* Acquiescence Ruling (AR) 98-3(6), 1998 WL 274051 (Soc. Sec. Admin., June 1, 1998); Acquiescence Ruling (AR) 98-4(6), 1998 WL 274052 (Soc. Sec. Admin., June 1, 1998). With respect to how *Dennard* and *Drummond* differed from Social Security policy, the Social Security Administration observed:

> Under SSA policy, if a determination or decision on a disability claim has become final, the Agency may apply administrative res judicata with respect to a subsequent disability claim under the same title of the Act if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not

> adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.

AR 98-3(6), 1998 WL 274051 at 29771; AR 98-4(6), 1998 WL 274052 at 29773.

To resolve the conflict between Sixth Circuit authority and Social Security policy, the Social Security Administration concluded that it would apply *Dennard* and *Drummond*, within the Sixth Circuit, thusly:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-3(6), 1998 WL 274051 at 29771; AR 98-4(6), 1998 WL 274052 at 29773.

In other words, the Social Security Administration adopted, with respect to applications brought within the geographic territory of the Sixth Circuit, the holdings in *Dennard* and *Drummond*.

    D.    *Earley v. Commissioner of Social Security*

In 2012, an ALJ denied Sharon Earley's application for disability benefits finding that she retained the ability to perform a limited range of light duty work. *Earley*, 893 F.3d at 930. Earley subsequently submitted another application for benefits that was likewise denied based on Earley's failure to provide "new and material evidence of a changed circumstance" as required by *Drummond*. *Earley*,

893 F.3d at 931. Earley appealed the matter to federal court resulting in a decision that the preclusion rule articulated in *Drummond* applied only if application of such benefited the claimant. *Earley*, 893 F.3d at 931. The matter was appealed to the Sixth Circuit, which took the opportunity to explicitly reexamine the *Drummond* decision.

Observing that "[u]nusual facts . . . led to some overstatement in *Drummond*," the court nevertheless concluded that "*Drummond* correctly held that res judicata may apply to administrative proceedings." *Earley*, 893 F.3d at 933. Thus, if a claimant files a second application covering the same period of time, res judicata properly applies absent good cause to revisit the earlier determination. As the court further recognized, however, res judicata has no application where a claimant files a subsequent application seeking benefits for a distinct period of time. Accordingly, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Ibid.*

The court was careful, however, to make clear that "[f]resh review is not blind review." *Id.* at 934. Thus, while an ALJ evaluating a subsequent application for benefits may not be bound to follow a previous determination, she may nevertheless "consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Ibid.* Accordingly, "it is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ's] findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933. In sum, *Earley* stands for the proposition that, when an ALJ evaluates a subsequent

application for benefits covering a distinct period of time, the ALJ can properly consider a previous ALJ's RFC assessment and errs only when he considers the previous RFC a mandatory starting point for the analysis. *See, e.g., Dunn v. Commissioner of Social Security*, 2018 WL 4574831 (W.D. Mich., Sept. 25, 2018); *Brent v. Commissioner of Social Security*, 2018 WL 5118598 (E.D Mich., Aug. 21, 2018); *Arendt v. Commissioner of Social Security*, 2019 WL 1058263 (N.D. Ohio, Mar. 6, 2019).

The relevant question in this case, therefore, is whether ALJ Kurtz merely considered the previous RFC assessment as part of his analysis or whether he instead considered it a mandatory starting point for such. A review of ALJ Kurtz's opinion reveals that he improperly considered ALJ Prothro's previous RFC a mandatory starting point. Specifically, with respect to this previous RFC, ALJ Kurtz stated that he "may not make a different finding . . . unless new and additional evidence of change[d] circumstances provide a basis for a different finding." (ECF No. 6-2, PageID.48). Simply put, ALJ Kurtz did not merely consider ALJ Prothro's previous analysis, but instead considered it a mandatory starting point for his analysis. As the *Earley* court held, this constitutes reversible error in response to which "[t]he ALJ should have another opportunity to review the application under the correct standard." *Earley*, 893 F.3d at 934.

## II.  Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes that this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, the undersigned recommends that this matter be remanded for further administrative action.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      Respectfully submitted,

Date: March 25, 2020                     /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge