UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE NEIL PIERCE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:19-cv-432

HON. JANET T. NEFF

# OPINION AND ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income (SSI). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court vacate the decision of the Administrative Law Judge (ALJ) David Kurtz rendered on behalf of the Commissioner and remand the matter for further administrative action pursuant to sentence four of 42 U.S.C. 405(g). The matter is presently before the Court on Defendant's objection to the Report and Recommendation. Plaintiff filed a response to the objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court has performed de novo review of the portions of the Report and Recommendation to which Defendant objects. For the following reasons, the Court grants the objection and issues this Opinion and Order.

## I.     BACKGROUND

Before initiating his present claim for disability benefits, Plaintiff pursued an earlier application that was denied by ALJ James Prothro on December 12, 2014 (ECF No. 6-3 at PageID.94-107). At that time, ALJ Prothro found Plaintiff had the

> residual functional capacity to be seated or standing or ambulating, or walking or climbing stairs, each of those functions for 30 to 60 minutes at a time; has the ability to lift, push and pull, and carry up to 15 to 30 pounds frequently throughout the full 8 hour work day; he must avoid hazards such as heavy machinery, dangerous machinery and driving motor vehicles; he is limited to simple work, 1 to 2 steps, occasional public contact and may not perform fast paced work.

(*id.* at PageID.99). ALJ Prothro ultimately concluded that based on the testimony of the vocational expert and considering Plaintiff's age, education, work experience and RFC, a finding of "not disabled" was appropriate (*id.* at PageID.106).

In resolving Plaintiff's current application, which included an unadjudicated time period, ALJ Kurtz referenced Social Security Administration Acquiescence Ruling (AR) 98-4(6) and quoted the AR, nearly verbatim, stating the following:

> Where a final decision after a hearing on a prior disability claim contains a finding of a claimant's residual functional capacity, the administrative law judge may not make a different finding in adjudicating a subsequent disability claim (with an unadjudicated period arising under the same title of the Act as the prior claim) unless new and additional evidence of change[d] circumstances provide a basis for a different finding (Social Security Administration Acquiescence Ruling (AR) 98-4(6)).

(ECF No. 6-2 at PageID.48). *See* AR 98-4(6) (S.S.A.), 1998 WL 283902. ALJ Kurtz determined that the record before him "confirms several additional impairments since the prior decision, including osteoarthritis in the left knee with need for surgery, disorders of the GI system and hypertension" (ECF No. 6-2 at PageID.48). ALJ Kurtz concluded that Plaintiff "requires additional limitations since the prior decision including restrictions with respect to the use of foot

controls, additional postural restrictions and restrictions to prevent future seizures and migraines (no bright lights or loud noises)" (*id.*). ALJ Kurtz therefore assessed a new RFC, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b); occasional use of foot controls; occasional climbing ramps and stairs; occasional kneeling, crouching and crawling; never climbing ladders, ropes or scaffolds; frequent balancing and stooping; occasional bilateral overhead reaching; must avoid concentrated exposure to vibration, fumes, odors, dusts, gases, poor ventilation, etc.; must avoid all exposure to hazard; can understand, remember and carry out unskilled tasks; can relate on at least a superficial basis on an on-going basis with co-workers and supervisors; can attend to task for sufficient periods of time to complete tasks, and can manage the stresses involving with work; can tolerate no more than moderate levels of noise; should avoid work outdoors in bright sunshine; no work with bright or flickering lights such as would be experienced in welding or cutting metals.

(*id.* at PageID.43). ALJ Kurtz ultimately concluded that based on the testimony of the vocational expert and considering Plaintiff's age, education, work experience and RFC, a finding of "not disabled" was appropriate (*id.* at PageID.51). His decision was issued on May 24, 2018 (*id.*).

In an opinion issued June 27, 2018, *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931 (6th Cir. 2018), the Sixth Circuit examined another decision that concerned AR 98-4(6). The Sixth Circuit instructed that "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory threshold." *Id.* at 932. In such cases, "res judicata does not apply." *Id.* at 933. Synthesizing its earlier opinions, the Sixth Circuit acknowledged that "[f]resh review is not blind review," and that "[a] later administrative law judge may consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id.* at 934. "[I]t is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933.

## II.     ANALYSIS

On appeal to this Court, Plaintiff argues that the RFC found by ALJ Kurtz is not supported by substantial evidence and that the ALJ did not give a proper hypothetical to the vocational expert (Initial Br., ECF No. 10 at PageID.862).  In pertinent part, Plaintiff argues that "ALJ Kurtz's failure to include the prior RFC findings [by ALJ Prothro] was prejudicial error" (*id.* at PageID.884).

Defendant posits that the ALJ's decision should be affirmed (ECF No. 11), arguing in pertinent part that ALJ Kurtz "properly departed" from ALJ Prothro's RFC based on the new and material evidence in Plaintiff's second application for benefits (*id.* at PageID.901-904).

After reviewing the pertinent case law (R&R, ECF No. 13 at PageID.916-921), the Magistrate Judge framed the question in this case as "whether ALJ Kurtz merely considered the previous RFC assessment as part of his analysis or whether he instead considered it a mandatory starting point for such" (*id.* at PageID.921).  The Magistrate Judge determined that ALJ Kurtz's RFC assessment violates res judicata principles because ALJ Kurtz "improperly considered ALJ Prothro's previous RFC a mandatory starting point," which the Magistrate Judge concluded was "reversible error" under *Earley* (*id.*).  The Magistrate Judge recommends that this matter be remanded for further administrative action, specifically, the resolution of factual disputes (*id.* at PageID.922).

In its objections to the Report and Recommendation, Defendant argues that the Magistrate Judge did not appear to consider that *Earley* contemplates two distinct factual situations: (1) cases in which the ALJ is considering a prior ALJ's RFC "absent new and material evidence," and (2) cases in which there is new and material evidence (or a change in the law or other change in circumstances, etc.) (Def. Obj., ECF No. 14 at PageID.928).  According to Defendant, this case falls within the second situation, and remand is therefore not required (*id.* at PageID.929-932).

Defendant asserts that the ALJ permissibly gave a "fresh look" to the evidence and assessed a new RFC based on his consideration of the evidence in the record as a whole (*id.* at PageID.932). Defendant also argues that the portions of the record relied on by the Magistrate Judge are insufficient to establish that the prior ALJ's RFC had been used as a "mandatory starting point" (*id.* at PageID.933).

Defendant's objection is properly granted.

The Court's review of ALJ Kurtz's decision does not reveal a violation of res judicata principles. The Court does not agree that ALJ Kurtz's mere citation to, and quotation of, AR 98-4(6) indicates that he "improperly considered ALJ Prothro's previous RFC a mandatory starting point" for his analysis. As Defendant points out (ECF No. 14 at PageID.933), ALJ Kurtz's recitation of the AR "reflects the general standard, not the ALJ's application of that standard to this case." Consistent with *Earley*, ALJ Kurtz determined that the record before him contained new and additional evidence of changed circumstances, and ALJ Kurtz assessed a new RFC based on his consideration of the evidence in the record as a whole. Therefore, the Court holds that Defendant's objection is properly granted and that the Report and Recommendation should be rejected.

Because the Magistrate Judge did not address Plaintiff's issues presented on appeal (whether the RFC found by ALJ Kurtz is supported by substantial evidence and whether the ALJ provided the vocational expert a proper hypothetical), the Court returns the matter to the Magistrate Judge for a new Report and Recommendation that addresses these issues in the first instance.

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 14) is GRANTED, the Report and Recommendation of the Magistrate Judge (ECF No. 13) is REJECTED, and this matter is returned to the Magistrate Judge for a new Report and Recommendation.

Dated:  October 1, 2020                                                                  /s/ Janet T. Neff
                                                                                               JANET T. NEFF
                                                                                               United States District Judge